LAW OFFICES OF
### ANDREW P. SAULITIS P.C.
40 WALL STREET-37TH FLOOR
NEW YORK, NEW YORK 10005
_____

(212) 459-0900
Fax (212) 459-1826
apslaw@msn.com

October 30, 2023

**ECF**

Hon. Jessica G.L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

***Totin v. Meridy***
**1:22-cv-09392-JGLC**

Dear Judge Clarke:

  I represent the remaining defendant, Brown Harris Stevens Residential Sales, LLC ("BHS"), which, in accordance with Minute Entry 07/25/2023, timely has moved for summary judgment as to the remaining claims (ECF No. 29 *et seq*.), following closure of discovery on September 29, 2023, which plaintiff, Brian Totin, now seeks to reopen. This is a copyright infringement case in which BHS was *uninvolved* with posting of the subject (copyrighted) photos (done solely by the since-dismissed-with-prejudice co-defendant) and from which the plaintiff has suffered zero actual damages, nor claims any.

  This pertains to the improperly-separately-written letter of plaintiff's attorney filed late last Friday evening October 27, 2023 (ECF No. 34 and ECF No. 35) regarding an untimely-raised would-be discovery dispute, which letter, as such, "will not be read" per Item 4 (k) of your INDIVIDUAL RULES AND PRACTICES IN CIVIL CASES because plaintiff has not presented such dispute, as required, via "a single letter-motion, *jointly composed*, . . . explaining the nature of the dispute and . . . requesting an informal conference," which "*joint* submission" must "set forth, with specificity, the requested discovery that each dispute involves and *the respective position of each party*, citing the applicable authority that the respective parties claim for support" (emphasis added), none of which has been done and failing which "[s]eparate and successive letters will not be read."

  Disregarding these requirements, prior to filing his letter, plaintiff's attorney never attempted to comply, even slightly, with the "joint" requirement nor presented any proposed joint letter much less accorded the requisite "72 hours" for BHS to "provide its portion of a joint letter" and instead, unilaterally filed his letter three hours after a perfunctory telephone call with me at 5:46 p.m. on October 27 lasting only eight minutes, to pay lip service to the "meet-and-confer" requirements of Item 4 (k), Local Civil Rule 37.2 and Fed. R. Civ. P. 37 (a)(1) & (d)(1)(B), for which "strict adherence" is expressly required. Tellingly the letter does not, as required, "describe . . . [the] time, place and duration" of the predicate "meet-and-confer" discussion between counsel, which would only reveal how inconsequential plaintiff's *pro forma* call was.

  Disregarding these and virtually all other procedural requirements and the deadline for

discovery matters, the letter seeks, if backhandedly, reopening of discovery, but without good cause,[1] a month after closure of discovery (with a summary judgment motion now in place), there having been no request for extension of the September 29 discovery deadline as required under Item 2 (e) of your INDIVIDUAL RULES, which explicitly cautions that "[a]bsent an emergency" (none present here), "any request for extension . . . shall be made as early as possible, and *at least 48 hours prior* to the deadline," which will "ordinarily be denied if made after the expiration of the original deadline," and despite Item 4 (k)'s admonishment that "[c]ounsel should seek relief in accordance with these procedures in a timely fashion" and again cautioning that "if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks or more time for discovery." Rather than the minimum 48 hours *prior*, plaintiff's attorney waited until a month *after*. Nor presented are the six elements required to be addressed by

---

[1] A motion to reopen discovery, which is the relief plaintiff seeks, must satisfy Fed. R. Civ. P. 16(b)(4) (requiring "good cause"), involves the following standards, not addressed, much less satisfied:

> A party seeking to reopen discovery bears the burden of establishing good cause. The Second Circuit has held that the trial court "may properly deny further discovery" where there has been "a fully adequate opportunity for discovery" and may consider whether additional discovery would produce dispositive evidence. *Trebor Sportswear*, 865 F.2d at 511-12 (affirming the denial of a request to reopen discovery by the nonmoving party on a motion for summary judgment due to adequate discovery time and the failure to offer a "persuasive basis . . . to conclude that further discovery would yield proof" that would change the outcome of the case); *see also Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 925-27 (2d Cir. 1985) (denying further discovery because the party had "ample time in which to pursue the discovery" and "whatever discovery went undone . . . was in any event inconsequential"); *Wingates, LLC v. Commonwealth Ins. Co. of Am.*, 21 F. Supp. 3d 206, 215 (E.D.N.Y. 2014) (denying a request to reopen discovery . . . after service of a motion for summary judgment), *aff'd*, 626 Fed. Appx. 316, 2015 U.S. App. LEXIS 17282, 2015 WL 5692303 (2d Cir. 2015).

*Jacobs v. N.Y.C. Dep't of Educ.*, No. 11-CV-5058 (MKB) (RML), 2015 U.S. Dist. LEXIS 158517, *8-9 (E.D.N.Y. Nov. 24, 2015).

Factors analyzed to determine whether discovery reopening is appropriate include "'1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence'" and "the moving party's diligence, which is the indisputable core of the good cause inquiry." *Jazbir Singh v. Sachem Cent. Sch. Dist.*, 342 F.R.D. 367, 368-69 (E.D.N.Y. 2022) (quoting *Jacobs v. N.Y.C. Dep't of Educ.*, 2015 U.S. Dist. LEXIS 158517 at *9 and citing *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012)); *see also, e.g.*, *Humphreys v. N.Y.C. Health*, No. 16-CV-9707 (VSB), 2023 U.S. Dist. LEXIS 5222, *8-9 (S.D.N.Y. Jan. 11, 2023).

Hon. Jessica G.L. Clarke
October 30, 2023
Page 3

Item 2 (e). None of these prescriptions has been heeded and there is nothing that could not have been raised much earlier, before reaching the summary judgment stage, where the case now lies, which plaintiff wishes to undo.

The letter also glides over BHS's detailed objections (incorporated by reference) to a manifestly-overbroad "Rule 30(b)(6)" deposition notice, which objections present highly detailed reasons spelling out why any such deposition is unwarranted, entirely duplicative of matter fully revealed in produced documents, procedurally deficient and grossly disproportionate to the needs of this case under Fed. R. Civ. P. 26(b)(1). Not the slightest attempt is made by plaintiff's counsel to address, much less overcome *any* of those clearly-stated objections, not the least of which is manifest disregard of the "proportionality" requirements in a case in which plaintiff admittedly has suffered no actual damages, in order to use discovery as an instrument of vexation instead of seeking matter within the permissible "scope and limits" of Fed. R. Civ. P. 26 (b)(1)[2] or to further the overarching mission of the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding" (Fed. R. Civ. P. 1). Instead, plaintiff seeks to turn Fed. R. Civ. P. 30(b)(6) into a vehicle to protract a case that deserves a swift and merciful demise, now sought by summary judgment.

In sum plaintiff' counsel's long-belated and otherwise improper letter does not warrant consideration, and if any be accorded, no relief—reopening/extension of discovery—is warranted. Inasmuch as it is a letter motion pursuant to Fed. R. Civ. P. 37(a)(5)(B), because it is not substantially justified, the Court should issue a protective order under Fed. R. Civ. P. 26(c) and, after giving an opportunity to be heard, require the plaintiff-movant, the attorney filing the motion, or both to pay BHS its reasonable expenses incurred in opposing the motion, including attorney's fees.[3]

                                              Respectfully yours,

                                              Andrew P. Saulitis

APS/wd

Via ECF to:

Nicholas Netram Loaknauth
THE LAW OFFICE OF NICHOLAS LOAKNAUTH, ESQ.
*Attorney for Plaintiff Brian Totin*

---

[2] "*I.e.* "matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

[3] *E.g., Sonoma Cty. Ass'n of Retired Emples. v. Sonoma Cty.*, No. 15 MISC 191, 2015 U.S. Dist. LEXIS 177919, 5-6 (S.D.N.Y. Oct. 6, 2015) (plaintiff directed to pay attorneys' fees incurred in opposing the motion pursuant to Fed. R. Civ. P. 37(a)(5)(B)); *Scelsi v. Habberstad Motorsport Inc.*, No. 19-CV-4315 (FB), 2021 U.S. Dist. LEXIS 118215, *8 (E.D.N.Y. June 24, 2021) ("[FRCP] 37 . . . creates a 'presumption in favor of imposing expense-shifting sanctions against a party who unsuccessfully litigates a motion to compel[.]'") (quoting 7 James W. Moore *et al.*, *Moore's Federal Practice* § 37.23 (3d ed. 2021)).