

1460 Broadway
New York, NY 10036
O:  212.641.0745
F:  718.301.1247
nick@loaknauthlaw.com
www.loaknauthlaw.com

**MEMO ENDORSED**

October 27, 2023

The Honorable Jessica G.L. Clarke
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:    Totin v. Meridy et al.
              Civil Action No. 1:22-cv-09392-JGK-JGLC

Dear Judge Clarke,

      I am writing to request the assistance of the court regarding a discovery dispute we are having with the defendant Brown Harris Stevens Residential Sales, LLC ("BHS").  Specifically we served notice to defendant to produce a FRCP 30(b)(6) witness for deposition on August 24, 2023.  See Ex. A, appended hereto.  Defendant responded only with an objection to plaintiff's notice of deposition on September 25, 2023, two days before the end of fact discovery.  See Ex. B.  Defendant's objection, in sum, states that because plaintiff did not describe with reasonable particularity the matters for examination, that a deposition is duplicative of documents already produced, and that the matters noticed are not relevant to plaintiff's claim nor proportional to the needs of the case.  Defendant's objection could not be further from the truth.  As you can see in our notice to take deposition, the topics are not of the type where defendant can reasonably say in good faith that BHS should not have to produce, let alone that it has no one, to testify as to the designated matters.  None of the noticed matters contain any topic that is not reasonably available to BHS.  Further, ascertaining the knowledge of a BHS representative regarding its use of internet advertising, such as StreetEasy, is critically important to plaintiff's claim.  Not



1460 Broadway
New York, NY 10036
O:  212.641.0745
F:  718.301.1247
nick@loaknauthlaw.com
www.loaknauthlaw.com

allowing plaintiff to depose a BHS representative would be extremely prejudicial to plaintiff's case.

I have conferred with counsel for BHS via email on September 13, 2023, October 17, 2023 and by telephone today.  However counsels have not been successful in reaching an agreement regarding the production of defendant's 30(b)(6) witness.  Today, BHS filed a motion for summary judgment for the dismissal of all claims that ironically included a Declaration in Support of Motion from a corporate witness which covered many of the noticed topics relevant to plaintiff's claim.  Because plaintiff has been prejudiced by not being afforded the opportunity to depose a BHS witness, plaintiff can neither properly oppose the motion nor cross-move for summary judgment on its claims.  Therefore I respectfully request that the court compel BHS to produce a 30(b)(6) witness, and to allow time for the plaintiff to respond to BHS's motion for summary judgment after the 30(b)(6) deposition has been completed.

Sincerely,

/s/ Nicholas Loaknauth

Nicholas Loaknauth
*Attorney for Plaintiff Brian Totin*

Application DENIED. Plaintiff's letter-motion requesting the Court to compel Defendant to produce a 30(b)(6) witness for deposition, filed one month after the close of discovery, is untimely, and Plaintiff failed to demonstrate good cause for the delay. *See Richardson v. City of New York*, 326 F. App'x 580, 582 (2d Cir. 2009); *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011). Further, Plaintiff's letter-motion is in violation of Rules 2(e) and 4(k) of the Court's Individual Rules and Practices in Civil Cases.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: October 31, 2023
         New York, New York