UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN TOTIN,

                              Plaintiff,

              -against-

BROWN HARRIS STEVENS RESIDENTIAL
SALES, LLC and AARON MERIDY,

                              Defendants.

22-CV-9392 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Brian Totin brings this action against Brown Harris Stevens Residential Sales, LLC ("BHS") claiming that BHS directly and vicariously infringed on his copyrights by advertising apartments using his photographs without permission. BHS moves for summary judgment on Totin's claims, arguing that one of their real estate salespeople, and not the company, is the actual infringer of Totin's copyrights. Further, BHS contends that they should not be held vicariously liable for copyright infringement because they had no financial interest in their salesperson's alleged copyright infringement and had no obligation to supervise the salesperson to prevent him from infringing on Totin's copyrights. The Court agrees that BHS did not directly infringe Totin's copyrights but finds that a reasonable jury could determine that the company is vicariously liable for the infringement. Therefore, BHS's motion for summary judgment is GRANTED in part and DENIED in part.

## BACKGROUND

### I.    Facts

The facts in this case are simple and, unless otherwise noted, are not in dispute.[1] On or about August 7, 2022, Plaintiff Brian Totin ("Totin"), a photojournalist turned real estate agent, discovered four of his copyrighted photographs (the "Photographs") published on Streeteasy.com, a real estate listings website, without his permission. *See* ECF No. 40 ("CSMF") ¶¶ 1, 11; *see also* ECF No. 1 ¶¶ 1, 18. The Photographs depict two rental apartments located in New York, New York. CSMF ¶ 1. Defendant Aaron Meridy ("Meridy"), a licensed real estate salesperson and independent contractor associated with Defendant BHS, a real estate broker, allegedly posted the Photographs on Streeteasy.com as part of advertisements listing the two apartments for rent (the "Listings"). *See id.* ¶¶ 2, 11, 14, 28. The Photographs never appeared on BHS's website. *Id.* ¶ 10.

As an independent contractor with BHS, Meridy is required to "comply with [BHS's] standard policies, procedures, and manuals . . . ." ECF No. 30-1 § 16. BHS pays independent contractors "a commission on his or her gross sales . . . computed in accordance with [BHS's] standard policies and procedures." *Id.* § 4. In this context, gross sales are based on the commission an independent contractor receives for facilitating a real estate transaction. *See generally* ECF No. 30-5 at 7–13. Thus, independent contractors at BHS are paid a percentage of the total commissions they earn on real estate transactions, and BHS retains the remaining value. *See id.* at 11, 52–55. Although the standard split between BHS and independent contractors on their gross commissions is fifty-fifty, BHS rewards independent contractors who achieve higher

---

[1] The parties' papers on this motion barely mention the facts of this case or refer to their respective statements of material facts.

gross commissions by lessening the percentage of the gross commissions that BHS retains. For instance, in the year 2022, certain independent contractors who earned gross commissions between $170,000 and $195,000 could keep fifty-five percent of their gross commissions while BHS retained only forty-five percent. *See id.* at 52.

## II.    Procedural History

Plaintiff filed the instant action on November 1, 2022, alleging (1) direct copyright infringement against both Defendants and (2) vicarious copyright infringement against BHS. ECF No. 1 ¶¶ 39–47. On July 20, 2023, Plaintiff and Meridy reached a settlement, and soon after, the Court entered a stipulation of dismissal dismissing the action with prejudice against Meridy. ECF No. 26. On October 27, 2023, BHS moved for summary judgment against Plaintiff's copyright claims. ECF No. 29.

## LEGAL STANDARD

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant bears the burden of demonstrating the absence of a question of material fact. *Celotex Corp.*, 477 U.S. at 22. If the movant meets its initial burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal citation omitted).

When the movant properly supports its motion with evidentiary materials, the opposing party must establish a genuine issue of fact by citing "particular parts of materials in the record" to survive the summary judgment motion. Fed. R. Civ. P. 56(c)(1)(A); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "Only disputes over facts that might affect the outcome of the suit under the governing law" preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, a court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trustees of Columbia Univ. in City of New York*, 131 F.3d 305, 312 (2d Cir. 1997)). "The function of the district court in considering [a] motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Kee v. City of New York*, 12 F.4th 150, 166–67 (2d Cir. 2021) (internal quotation marks and citation omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021) (internal citation omitted).

## DISCUSSION

In support of its motion for summary judgment, BHS argues that (1) principles of *res judicata* preclude Plaintiff's claims, (2) Plaintiff fails to demonstrate that BHS directly infringed upon Plaintiff's copyrights, and (3) BHS is not vicariously liable for Meridy's alleged infringement of Plaintiff's copyrights. *See* ECF No. 38 ("Def. Mem."). BHS also argues that if the Court dismisses Plaintiff's claims, it is entitled to legal fees. *Id.* at 18–19. Finally, BHS raises a host of evidentiary objections with respect to Plaintiff's counter 56.1 statement. ECF No. 45.

Before turning to the merits of the parties' arguments, the Court first discusses BHS's evidentiary objections and finds that many of Plaintiff's so-called facts rely upon conclusory allegations and speculation. The Court then addresses BHS's *res judicata* argument, finding the doctrine inapplicable here. Next, the Court determines that, based on the record, a reasonable jury could not conclude that BHS is directly liable for copyright infringement. However, a reasonable jury could determine that BHS is vicariously liable for copyright infringement. Thus, BHS's motion for summary judgment is granted with respect to the direct copyright infringement claim and denied with respect to the vicarious liability claim. Finally, the Court denies as premature BHS's request for legal fees.

## I.    Consideration of Conclusory and Speculative Statements of "Fact" is Improper

In his counter 56.1 statement, Plaintiff supports the vast majority of his statements and responses to BHS's statement of material facts by citing to the Complaint, the affidavit of Adam M. Frisch[2], ECF No. 41 (the "Frisch Affidavit"), and Plaintiff's own declaration, ECF No. 42 (the "Totin Declaration"). *See* CSMF. On a motion for summary judgment, the "non-moving party may not rely on conclusory allegations or unsubstantiated speculation." *Owens v. City of New York Dep't of Educ.*, No. 21-2875, 2022 WL 17844279, at *1 (2d Cir. Dec. 22, 2022) (summary order) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Pursuant to Federal Rule of Civil Procedure 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

---

[2] The Court notes that Plaintiff appears to offer Frisch only as a fact, not an expert, witness.

Here, numerous items in the Frisch Affidavit, Totin Declaration, and Complaint are conclusory allegations or unsubstantiated speculation. Indeed, many of the statements in the Frisch Affidavit and Totin Declaration documents begin with the phrase "[i]t is widely known that" and then provide no basis to support the ensuing statement. Of course, stating that something is "widely known" does not make it so, and such a conclusion is insufficient to support the existence of a material fact on a motion for summary judgment. As another example, the Frisch Affidavit opines that "it is clear that" BHS "had authorized Mr. Meridy to place listings on StreetEasy, including the listing that is the subject of this litigation." ECF No. 41 ¶ 16. But the affidavit provides no inkling as to the affiant's basis of knowledge to make this assertion. The Frisch Affidavit does not indicate that Frisch ever worked for BHS, personally knows Meridy, or that he has any personal knowledge of the relationship between BHS and Meridy.

The Court will not describe the issues with each of Plaintiff's problematic statements of fact. Instead, in accordance with Rule 56, the Court will, as it must, ignore facts presented by Plaintiff that rely on conclusory allegations or unsubstantiated speculation.

## II.    *Res Judicata* Does Not Bar Plaintiff's Claims

Under the doctrine of *res judicata*, also known as claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "Thus, *res judicata* 'prevents a party from litigating any issue or defense that could have been raised or decided in a previous suit, even if the issue or defense was not actually raised or decided.'" *Reininger v. New York City Transit Auth.*, No. 11-CV-7245 (DAB), 2016 WL 10566629, at *3 (S.D.N.Y. Dec. 22, 2016) (emphasis added) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1150 (2d Cir. 1992)).

A claim is barred under *res judicata* if "(1) the <u>previous action</u> involved an adjudication on the merits; (2) the <u>previous action</u> involved the same parties or those in privity with them; and (3) the claims asserted in the <u>subsequent action</u> were, or could have been, raised in the <u>prior action</u>." *Brodsky v. New York City Campaign Finance Bd.*, 796 F. App'x 1, 3 (2d Cir. 2019) (emphasis added) (citing *Monahan*, 214 F.3d at 285); *see also Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001).

BHS argues that Plaintiff's claims against BHS are barred by *res judicata* because Plaintiff settled this action with respect to Meridy. Def. Mem. at 6–10. This argument fails for numerous reasons. Most glaringly, it is hornbook law that the preclusive effect of *res judicata* only applies in subsequent actions, not in the same action, as is the situation here. Otherwise, plaintiffs suing multiple defendants would fear that settling their action with specific defendants would preclude their claims against the remaining defendants. Accordingly, *res judicata* does not provide a basis for the Court to dismiss this claim.

III.    **Summary Judgment Is Granted on Plaintiff's Direct Infringement Claim**

BHS argues that Plaintiff's claim for direct copyright infringement fails because there is no evidence that BHS "actually copied" Plaintiff's Photographs. Def. Mem. at 12–14. The Court agrees.

To establish a claim for direct copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). The Second Circuit "has adopted a volition requirement as a prerequisite to establishing direct copyright infringement liability." *Sadowski v. Ng*, No. 18-CV-10113 (VM), 2022 WL 799636, at *5 (S.D.N.Y. Mar. 15, 2022); *see also Cooley*

*v. Penguin Grp. (USA) Inc.*, 31 F. Supp. 3d 599, 609 (S.D.N.Y. 2014) ("[T]o establish direct liability the defendant must engage in conduct that is volitional and causally related to the illegal infringement."). "To satisfy the second element, a plaintiff must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's work." *Abdin*, 971 F.3d at 66 (cleaned up).

The only element in dispute is whether BHS actually copied Meridy's work, which Plaintiff has presented no evidence to support. Indeed, the record lacks any facts indicating that BHS actually created the Listings or uploaded the Photographs to Streeteasy.com. And Plaintiff agrees that the Photographs never appeared on BHS's website. CSMF ¶ 10. Instead, the evidence properly before the Court shows that Meridy uploaded Plaintiff's Photographs to Streeteasy.com. *See* CSMF ¶ 28; ECF No. 39 at 5–7.[3] Accordingly, Plaintiff's claim against BHS for direct copyright infringement fails as a matter of law. *See Faulkner v. Nat'l Geographic Soc'y*, 211 F. Supp. 2d 450, 472 (S.D.N.Y. 2002), *aff'd sub nom. Faulkner v. Nat'l Geographic Enterprises Inc.*, 409 F.3d 26 (2d Cir. 2005) (holding that plaintiffs could not hold a defendant liable as a direct infringer where plaintiffs "brought forward absolutely no evidence suggesting that [defendant] itself engaged in conduct that violated any of the exclusive rights granted to copyright holders"). Thus, the Court grants Defendant's motion with respect to Plaintiff's claim for direct copyright infringement.

---

[3] The parties dispute, without any legal support, whether agency theory provides an independent basis for liability here separate from direct and vicarious liability. Because the Court finds that vicarious liability is a viable theory for Plaintiff to pursue, *see supra* Section IV, the Court declines to address the parties' dispute over agency theory.

**IV.    Summary Judgment Is Denied on Plaintiff's Vicarious Infringement Claim**

A reasonable jury could find that BHS is vicariously liable for the infringement of the Photographs. To establish vicarious liability for copyright infringement, a plaintiff must show that the defendant had "the right and ability to supervise the infringing act and a direct financial interest in the infringing activity." *Michael Grecco Prods., Inc. v. Valuewalk, LLC*, 345 F. Supp. 3d 482, 503 (S.D.N.Y. 2018) (internal citation omitted). "Vicarious liability, unlike contributory liability, does not require the defendant to have actual knowledge of the infringement." *Id.* "More specifically, a defendant is vicariously liable for infringement where the right and ability to supervise coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials—even in the absence of actual knowledge that the copyright monopoly is being impaired." *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 357 (S.D.N.Y. 2014) (cleaned up).

First, with respect to the financial prong, BHS has an obvious and direct financial interest in the copyrighted material. Because BHS splits any commission that an independent contractor, such as Meridy, receives for finalizing a real estate transaction, it has a financial interest in Meridy's advertising of apartments. *See BWP Media USA Inc.*, 69 F. Supp. 3d at 358 (internal citation and quotation marks omitted) (financial prong met "where infringing material acts as a draw to attract subscribers to a defendant's business").

Second, with respect to the control prong, BHS had the right and ability to supervise Meridy's postings on Streeteasy.com. BHS argues that Plaintiff "presented neither a factual nor evidentiary basis for any contention that BHS supervised Meridy in his unlawful preparation, duplication, and distribution of the" Photographs or that BHS "declined to exercise the right and ability to supervise or control the infringing activity." Def. Mem. at 11 (cleaned up).

9

Even assuming no evidence exists indicating that BHS supervised Meridy's Listings, BHS, as the broker overseeing Meridy, had a legal obligation to supervise Meridy. Applicable New York regulations require brokers to provide "frequent and consistent personal guidance, instruction, oversight and superintendence . . . with respect to the general real estate brokerage business conducted by the broker, and all matters relating thereto." N.Y. Comp. Codes R. & Regs. Tit. 19, § 175.21(a). BHS does not dispute that it has this legal obligation. Instead, BHS argues that there is no evidence that it actually complied with its legal obligation. Def. Mem. at 11. Even if this surprising admission were true, vicarious liability requires only the "right and ability to supervise," not the actual execution thereof. *BWP Media USA Inc.*, 69 F. Supp. 3d at 357. Because there is no dispute that BHS had the right and ability to supervise Meridy, a reasonable jury could find BHS vicariously liable for Meridy's alleged infringing act. Accordingly, BHS's motion for summary judgment on Plaintiff's claim for vicarious liability for copyright infringement is denied.

## V.    Summary Judgment Is Denied on BHS's Request for Attorney's Fees

Because the Court has not dismissed all of Plaintiff's claims, a determination of an award of attorney's fees is premature. Accordingly, summary judgment is denied on this issue.

## CONCLUSION

For the reasons stated above, BHS's motion for summary judgment is GRANTED in part and DENIED in part. The parties are hereby ORDERED confer and file a joint status update to the Court by no later than **September 11, 2024** containing a list of available dates for trial between January 2025 and March 2025, and stating whether the parties would like to be referred to the Southern District's Mediation Program or to Magistrate Judge Cave for a settlement conference.

The Clerk of Court is directed to terminate ECF No. 29.

Dated: August 28, 2024
      New York, New York                         SO ORDERED.

                                                  JESSICA G. L. CLARKE
                                                  United States District Judge