UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN TOTIN,<br><br>                                  Plaintiff,<br><br>         -against-<br><br>BROWN HARRIS STEVENS RESIDENTIAL SALES, LLC,<br><br>                                  Defendant. | 22-CV-9392 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

For the reasons stated on the record at the parties' January 13, 2025 final pre-trial conference before this Court, Defendant's motions in limine 1 (ECF No. 58) and 2 (ECF No. 60), and Plaintiff's motion in limine 1 (ECF No. 61), are GRANTED. Plaintiff's motion in limine 2 is DENIED. In addition, as discussed at the hearing, the parties are to submit any supplemental authority letters supporting their position with respect to preliminary jury instructions by **January 15, 2025**.

The parties are also directed to confer and submit a joint status letter by **January 15, 2025 at noon** indicating whether they would like to appear before this Court for a settlement conference on **January 17, 2025 at 3:00 PM** (or if they would like to be referred to the Court's mediation program). Should the parties not agree, the letter **should not indicate** which party objected or otherwise indicate the parties' positions regarding settlement.

Finally, the Court has considered Plaintiff's request for sanctions in light of Defendant's failure to timely produce certain email communications. ECF No. 77. As discussed at the conference, the Court will permit Plaintiff to use the relevant emails as exhibits at trial. The Court otherwise DENIES Plaintiff's request for sanctions in the form of a belated motion for summary judgment or an adverse inference instruction.

First, Plaintiff fails to articulate what the adverse inference instruction would be here, and the Court cannot identify an instruction that would be appropriate.

Second, Defendant's failure is harmless. The parties took no depositions in this case and Plaintiff fails to identify anything specific he newly would have sought or requested had he received these emails previously. Instead, he merely argues that he would have filed a motion for summary judgment—purportedly establishing Defendant's liability to the fullest extent—and that he would not have expended certain legal fees. Even if that were the case, Plaintiff will have ample opportunity to present this evidence at trial, and if he succeeds (as he claims he will), he is permitted under the Copyright Act to seek his legal fees as the prevailing party. *See* ECF No. 1, ¶ 3; 17 U.S.C. §§ 101, *et seq.*; 17 U.S.C. § 505. Therefore, the Court finds no basis for further sanctions here beyond permitting Plaintiff to use these belatedly produced documents at trial. Plaintiff shall update his exhibit list to include the emails he intends to use and file an amended exhibit list by **January 16, 2025.**

The Clerk of Court is respectfully directed to terminate ECF Nos. 58, 60, 65, 66, and 77.

Dated: January 14, 2025
      New York, New York
                                                SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge